[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10738
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-CR-60233-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO CASTANEDA-MARIANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 10, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Alberto Castaneda-Mariano, a citizen of Mexico, was deported

from the United States (for a second time) on November 29, 2000, following his

1996 Florida conviction for armed burglary of a dwelling. He thereafter reentered

the United States (without authorization) and on November 9, 2009, was arrested in Broward County, Florida, for strong armed robbery. On December 6, 2010, he pled guilty to a federal indictment charging him with being found in the United States after having been deported without the Attorney General or his successor, the Secretary of the Department of Homeland Security having expressly consented to his reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(2), and the district court sentenced him to a prison term of 57 months. He now appeals his sentence.

Appellant contends that the district court infringed his Fifth and Sixth Amendment rights when, in sentencing him under the Sentencing Guidelines, it enhanced his U.S.S.G. § 2L1.1.2(a) base offense level of 8 by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because he had previously been deported after being convicted of a crime of violence, i.e., the 1996 Florida conviction of armed burglary of a dwelling. Such infringement of his constitutional rights occurred, he submits, because the fact that formed the basis of the court's § 2L1.1(b)(1)(A) enhancement, i.e., that 1996 conviction, was not charged in the indictment (or admitted by him when he pled guilty). His contention is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998), which holds that 8 U.S.C. §

2

1326(b)(2), which the district court properly applied, is a penalty provision for 8 U.S.C. § 1326(a), not a separate crime. As such, the fact of the 1996 Florida conviction of armed burglary of a dwelling did not have to be charged in Appellant's indictment.

AFFIRMED.